1  JAMES ANDREW HINDS, JR. (SBN 71222)
   jhinds@jhindslaw.com
2  PAUL R. SHANKMAN (SBN 113608)
   pshankman@jhindslaw.com
3  CRISTINA F. KEITH (SBN 235578)
   ckeith@jhindslaw.com
4  HANNA B. RAANAN (SBN 261014)
   hrannan@jhindslaw.com
5  LAW OFFICES OF JAMES ANDREW HINDS, JR.
   21515 Hawthorne Blvd., Suite 1150
6  Torrance, California 90503
   Telephone: (310) 316-0500
7  Facsimile: (310) 792-5977

8  Attorneys for Abdul Halim Sheikh, Chapter 11 Debtor and Debtor-In-Possession

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                LOS ANGELES DIVISION

12

13 In re                          ) Case No.  1:11-bk-15442-AA
                                  )
14 ABDUL HALIM SHEIKH,            ) (Chapter 11)
                                  )
15         Debtor.                ) DEBTOR'S OPPOSITION TO MOTION
                                  ) FOR ORDER PERMITTING
16                                ) CREDITORS TO FILE LATE PROOFS
                                  ) OF CLAIMS AGAINST THE DEBTOR;
17                                ) MEMORANDUM OF POINTS AND
                                  ) AUTHORITIES AND DECLARATION
18                                ) OF ABDUL HALIM SHIEKH IN
                                  ) SUPPORT THEREOF
19                                )
                                  ) Date:   July 6, 2011
20                                ) Time:  10:00 a.m.
                                  ) Ctrm:  303
21 _____) 21041 Burbank Blvd,
                                     Woodland Hills, CA 91367
22

23     TO THE HONORABLE ALAN M. AHART, UNITED STATES BANKRUPTCY

24 JUDGE, TONY HSU, GEOFF HSU, THEIR ATTORNEYS OF RECORD, AND ALL

25 INTERESTED PARTIES:

26     Abdul Halim Sheikh, the reorganized debtor in the above-referenced case

27 (hereinafter referred to as the "Debtor"), hereby opposes the Notice of Motion and

28 Motion for Order Permitting Creditors to File Late Proofs of Claims Against the Debtor

HINDS & SHANKMAN, LLP.
21515 HAWTHORNE BLVD. STE. 1150
TORRANCE, CA 90503

1  (hereinafter referred to as the "Motion") filed by Tony Hsu and Geoff Hsu (hereinafter

2  referred to as the "Hsu Brothers" or the "Creditors") on the grounds set forth below and

3  respectfully represents as follows:

4                                              I.

5                                    **INTRODUCTION**[1]

6        By the Motion, the Hsu Brothers seek the Court's approval to file proofs of claim

7  approximately a year and four months after the bar date (January 29, 2010)[2] because

8  they did not actually learn of this case until December of 2010.  However, shortly before

9  the Debtor's filing of his Petition, the counsel that the Hsu Brothers engaged to

10 prosecute their claims against the Debtor advised the Debtor to communicate with that

11 counsel regarding the claims held by the Hsu Brothers.  (*See* Declaration of Abdul

12 Halim Sheikh at ¶ ___.)  The Debtor scheduled these claims and provided (among

13 others) notice of the filing of this case and notice of the bar date to the Hsu Brothers'

14 counsel.  Thus, the Hsu Brothers had timely constructive notice of this case and the bar

15 date, and their failure to timely file proofs of claim was not a result of "excusable

16 neglect."  Further, even if they had not received notice of the bar date, their claims are

17 barred by the doctrine of laches for waiting approximately five (5) months to file their

18 Motion (and the related complaint, which underlies a related adversary proceeding) after

19 they learned of this case and approximately four (4) months after plan confirmation.

20 Accordingly, the Debtor respectfully requests that the Court deny the Motion.

21 / / /

22 / / /

23 / / /

24 _____

25 [1]  The Debtor's opposition is made and is based on this Opposition, the Declaration of Paul R. Shankman and
     Abdul Halim Sheikh that are filed and served concurrently herewith, the arguments of counsel, the record in this
26   Chapter 11 case, any oral or documentary evidence presented at or prior to the hearing on the Motion, and any
     other admissible evidence properly brought before the Court.  In addition, the Debtor requests that the Court take
27   judicial notice of all documents filed by the Hsu Brothers as referred to herein.

28 [2]  It is clear from the body of the Hsu Brothers' Motion that the Hsu Brothers have filed the Motion only to allow late
     filing of their claims, not of claims by any other creditors, so this Opposition only addresses why the proofs of
     claim of the Hsu Brothers should not be allowed to be late filed.

## II.

## BACKGROUND

### A.    General Background

The Debtor, an individual, filed this chapter 11 case on October 27, 2009 (hereinafter referred to as the "Petition Date"). After the Petition Date the Debtor operated his business as the Debtor-In-Possession under §§ 1107 and 1108 of the Code. The Debtor confirmed his Amended Plan in February 2011.

Debtor's chapter 11 filing was ultimately necessitated by the actions of the Debtor's senior lender to have a receiver appointed as part of its pending state court action against the Debtor and the substantially completed commercial development located at 4253-4263 Oceanside Boulevard, Oceanside, California and commonly known as Oceanside Marketplace and Business Center (hereinafter referred to as the "Oceanside Project"). (Sheikh Dec. at ¶ __.) Additional background information on this case is contained in the "Fourth Amended Statement And Plan Of Reorganization For Abdul Halim Sheikh" [Docket No. 232] (hereinafter referred to as the "Plan"),[3] which was filed on December 22, 2010 and was confirmed by entry of this Court's "Order Approving Motion to Confirm Plan of Reorganization and Confirming Amended Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code" [Docket No. 278-1].

The Plan discussed the Debtor's work for his food supply and distribution company, the business of which is at issue in the Motion, and the Plan explained that the sources of money earmarked to pay creditors and interest-holders include all or such portion of earnings from personal services performed by the Debtor after the commencement of this case or other future income of the Debtor as is necessary for

---

[3] The Debtor filed his original disclosure statement and plan [Docket No. 158] on October 8, 2010 and four amendments of his disclosure statement and plan in December of 2010 – the month in which the Hsu Brothers say they actually learned of the Debtor's bankruptcy case. The amendments are Docket Nos. 192, 205, 222, and 232. The Proofs of Service on each of the papers shows service on the same address which was used by the Debtor for the Hsu Brothers from the inception of the case. (Shankman Dec. at ¶ __.)

1  performance under the Plan. The Plan discussed the Debtor's long standing plan to sell

2  off all or a part o the food business. (Sheikh Dec. at ¶ ___.)

3      The Plan listed all of the anticipated unsecured nonpriority claims, which did not

4  include any claims for the Hsu Brothers. Plan at page 24 (Class Four, Unsecured

5  Claims). However, as noted below, the claims of the Hsu Brothers were known to the

6  Debtor and properly listed in the Debtor's Master Mailing Matrix under their father's

7  business entity. The Plan also advised, that "[m]ost likely, general unsecured creditors

8  can expect a zero payment under the Plan unless there is a substantial recovery from

9  East West Bank on the pending adversary proceeding."

10

11  **B.**    **The Hsu Brothers' Claims Against the Debtor Were Asserted After**

12          **the Bar Date**

13      The Hsu Brothers' claims that they assert in the Motion (hereinafter referred to as

14  the "Hsu Claims") relate to that certain Partnership Agreement, which is attached to the

15  Motion as Exhibit "C" (hereinafter referred to as the "Agreement").

16      The Hsu Brothers and their father, James Hsu, had expressed interest in

17  entering a partnership agreement with the Debtor on basically the terms and conditions

18  of the Agreement. They sent the Debtor a contract which had James, Tony and Geoff

19  Hsu as partners, but later, the Hsu Brothers decided to enter the Agreement without

20  their father as a partner. Under the Agreement, the Hsu Brothers were to pay $150,000

21  at the beginning of the Agreement and $100,000 after six months if they wanted to buy

22  the business outright. See Section 13 of the Agreement. James Hsu (the Hsu's father)

23  paid $75,000 and Tony Hsu paid $75,000 of the initial $150,000.

24      The Debtor denies the characterization by the Hsu Brothers of his operation of

25  the Food USA business as being fraudulent or otherwise unethical.

26      The Agreement provides that the term of the Agreement commenced on

27  December 1, 2008 and expired on May 30, 2009 unless the Hsu Brothers did not

28  exercise their discretion to continue the partnership beyond May 30, 2009. Section 4 of

1    the Agreement.  The Hsu Brothers allege that they did not exercise their option to

2    continue the Agreement, Declaration of Geoff Hsu at ¶ 27 and Declaration of Tony Hsu

3    at ¶ 27, so the Partnership only continued to May 30, 2009, approximately 4 months

4    prior to the Petition Date.  At that time, the Debtor believed that the Hsu Brothers were

5    obliged to pay the Debtor the $100,000 required to exercise their option to purchase the

6    business under the Agreement.  Around this time, the Debtor was told by people that

7    work in a meat market that the Hsu Brothers were operating a business similar to the

8    business of Food USA under the name of their father's company, J.H. World Express,

9    Inc., so he got the impression that they decided to take what they learned from Food

10   USA and run the business under their father's company rather than pay him the

11   $100,000 needed to exercise their option to purchase the business.

12           When Tony Hsu advised the Debtor that they would not pay him that $100,000 to

13   buy the business, Tony told him they would not pay because they did not have the

14   funds.  The Debtor discussed with the Hsu Brothers selling the business and having the

15   Debtor be paid that $100,000 out of the proceeds, but the business was never sold.

16   Section 20 of the Agreement provides for notices related to the Agreement:

17           Any and all notices, offers, acceptances, requests, certifications and

18           consents provided for in this Agreement shall be in writing and shall be

19           given and deemed to have been given when personally delivered against

20           a signed receipt or mailed by registered or certified mail . . . to the last

21           address which the addressee has given to the Partnership.  The address

22           of each partner is set under his signature at the end of this Agreement,

23           and each partner agrees to notify the Partnership of any change of

24           address . . . .

25   However, the Agreement does not list any address for any of the Partners, including the

26   Hsu Brothers, after the signatures (or elsewhere).  The Hsu Brothers allege that they did

1    not actually learn of this bankruptcy case in December of 2010. Motion at page 4, lines

2    14-15. However, notices about this case – including notice of its filing and of the bar

3    date for claims – was sent to them via their counsel, as explained below.

4    The Hsu Brothers' counsel, Ethan & Associates, sent a letter dated October 15, 2009 to

5    the Debtor advising the Debtor to contact Ethan & Associates' office regarding the Hsu

6

7    Brothers' claims against the Debtor. A true and correct copy of this letter is attached as

8    Exhibit "A." In this letter, the subject line refers to J.H. World Express, Inc., which the

9    Debtor knew was a company owned by the Hsu Brothers' father, James Hsu (Sheikh

10    Dec at ¶ 10.) After receiving this letter, the Debtor called Brian Laiche with Ethan &

11    Associates to ask what it was about. The Debtor believes he spoke to Mr. Laiche, but in

12    any event he spoke with a representative of Ethan & Associates, who asked the Debtor

13    if the Debtor knew Tony Hsu. The Debtor said that he did, and this representative told

14    the Debtor that Ethan & Associates was pursuing Tony's claim against the Debtor. The

15    Debtor understood this to mean that the Hsu Brothers had hired their father's law firm to

16    try to collect money from him.

17

18          Because of the letter from Ethan & Associates, the statements made to the

19    Debtor by a representative of Ethan & Associates, and the lack of contact with the

20    Debtor by the Hsu Brothers since approximately June 10, 2009, the Debtor believed

21    that Ethan & Associates was the authorized representative of the Hsu Brothers for their

22

23    claims against him related to the Agreement. Accordingly, the Debtor scheduled the

24    Hsu Claims as disputed, contingent and unliquidated under the account identifier J.H.

25    World Express, Inc., which was used by the Hsu Brothers' counsel in its letter. A true

26    and correct copy of the page of Schedule F on which the Hsu Brothers Claim was

27    scheduled is attached hereto as Exhibit "B." The Hsu Claims were also listed in the

28

1    Debtor's mailing matrix (as disputed, contingent, unliquidated and subject to setoff)

2    under the account identifier J.H. World Express, Inc.  A true and correct copy of the

3    relevant pages of the mailing matrix are attached hereto as Exhibit "C."  (Sheikh Dec. at

4    ¶ ___.)

5

6        Approximately three (3) weeks after the Hsu Brothers' counsel set its October 15,

7    2009-letter to the Debtor, on November 5, 2009, the Notice of Chapter 11 Bankruptcy

8    Case, Meeting of Creditors, & Deadlines (Docket No. 9) was filed and served on

9    (among others) the Hsu Brothers at J.H. World Express, Inc., c/o Ethan & Associates,

10   800 N.Causeway, 3rd Floor, Mandeville LA 70448-4664 on that date.  A true and correct

11   copy of that Notice and the relevant pages of the proof of service are attached hereto as

12   Exhibit "D."

13       On December 17, 2009, the Notice of Bar Date for Filing Proofs of Claims and

14   Interests (Docket No. 29) (hereinafter referred to as the "Bar Date Notice") was filed and

15   served.  A true and correct copy of the Bar Date Notice, including its proof of service, is

16   attached as Exhibit "E."  The Bar Date Notice was served, *inter alia*, on the Hsu

17   Brothers at the following addresses: Ethan & Associates, 800 N. Causeway Blvd, 3rd

18   Floor, Mandeville, LA 70448 and J.H. World Express, Inc., c/o Ethan & Associates, 800

19   N. Causeway Blvd, 3rd Floor, Mandeville, LA 70448.  *See* Bar Date Notice at pp. 8-9.

20   The Bar Date Notice advised that the bar date for filing proofs of claim was January 29,

21   2010. (Shankman Dec. at ¶___.)

22       After the Hsu Brothers learned about this case in December 2010, the Hsu

23   Brothers did not file any proofs of claim but instead waited until May 26, 2011 to file the

24   Motion and an adversary complaint related to the Hsu Claims.  (*See* Hsu v. Sheikh,

25   Adv. Proc. 1:11-ap-01393AA).

26   / / /

27   / / /

28   / / /

II.

**ANALYSIS**

A.      **The Hsu Claims Must Be Barred Because Their Failure to Timely File**
**Proofs of Claim Was Not a Result of "Excusable Neglect."**

It is well-established that "a creditor whose claim is not scheduled, scheduled improperly or scheduled as disputed, contingent or unliquidated must file a proof of claim with the bankruptcy court within the time fixed by that court. (See Bankruptcy Rule 3003(c)." In re Analytical Systems, Inc., 933 F.2d 939, 942-43 (11th Cir. Ga. 1991).  Federal Rule of Bankruptcy Procedure ("Rule") 9006(b) provides in relevant part for late filing of claims:

> when an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or by order
> of court, the court for cause shown may at any time in its discretion . . . on
> motion made after the expiration of the specified period permit the act to
> be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b).  Because the time to file a proof of claim expired and the Hsu Brothers did not file proofs of claim prior to the bar date, the question is whether the Hsu Brothers' failure to timely file their proofs of claim was the result of "excusable neglect." See Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380 (U.S. 1993).  The Hsu Brothers correctly note that this is the standard, Motion at p. 11-12.  However, they misinterpret the meaning of "excusable neglect" because courts do not require a claimant to have actually received the notice of the bar date, as argued by the Hsu Brothers.  Motion at p. 12, lines 17-21.  The Hsu Brothers rely on the Heater case from 1989, which was years earlier than Pioneer, in which a court found that the creditors were entitled to actual notice in the circumstances of that case.  In re Heater Corp. of Americas, Inc., 97 B.R. 657, 658 (Bankr. S.D. Fla. 1989).  In contrast to the creditors in

1  Heater, the Hsu Brothers received notice of the bankruptcy case and the bar date by

2  service of notices on their counsel and failed to timely pursue their claims after they

3  actually learned of this case.

4          In Pioneer, the Supreme Court discussed the requirement of "excusable neglect"

5  as follows:

6              It is this requirement [of "excusable neglect"] that we believe will

7          deter creditors or other parties from freely ignoring court-ordered

8          deadlines in the hopes of winning a permissive reprieve under Rule

9          9006(b)(1). With regard to determining whether a party's neglect of a

10         deadline is excusable, we are in substantial agreement with the factors

11         identified by the Court of Appeals. Because Congress has provided no

12         other guideposts for determining what sorts of neglect will be considered

13         "excusable," we conclude that the determination is at bottom an equitable

14         one, taking account of all relevant circumstances surrounding the party's

15         omission.

16

17  Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (U.S. 1993).  The

18

19  factors that courts consider are:

20         the danger of prejudice to the debtor, the length of the delay and its potential

21         impact on judicial proceedings, the reason for the delay, including whether it

22         was within the reasonable control of the movant, and whether the movant

23         acted in good faith. See 943 F.2d at 677.

24  Id. No one factor "controls, nor is a court to simply proceed down a checklist ticking off

25

26  traits. Instead, courts are to look for a synergy of several factors that conspire to push

27  the analysis one way or the other." In re 50-Off Stores, Inc., 220 B.R. 897, 901 (Bankr.

28  W.D. Tex. 1998).  The burden of proving "excusable neglect" is on the Hsu Brothers,

1  who are "seeking to be relieved of the time bar." In re Nutri*Bevco, Inc., 117 B.R. 771,

2  785 (Bankr. S.D.N.Y. 1990).  The four factors are discussed below.

3    **The danger of prejudice to the debtor.**  There is prejudice to the Debtor

4  because the Hsu Brothers seek to litigate pre-confirmation allegations of wrongdoing in

5  the Adversary Proceeding, which was filed approximately 3 months after the Plan was

6  confirmed.  Clark v. America's Favorite Chicken Co., 190 B.R. 260, 267 (E.D. La. 1995)

7  ("Certainly, there is prejudice to [debtor] where plaintiffs did not file any proof of claim in

8  the bankruptcy court yet seek to litigate pre-confirmation date allegations of wrongdoing

9  in a separate lawsuit filed approximately five months after the confirmation date. Indeed,

10  this is exactly the situation alluded to by the Fifth Circuit in Greyhound, which contrasted

11  the fact situation there with "a situation where the debtor's plan was formulated,

12  negotiated, and confirmed before notice was given of a substantial late claim." Id.").  In

13  Clark, the court found that "the length of the delay [of creditors in filing their claims after

14  receiving notice] -- approximately nineteen months from the bar date and five months

15  from the confirmation date -- to be significant and 'egregious,' id. at 739, especially

16  when no proofs of claim were filed." Id. at 268. Also, an individual debtor is prejudiced

17  by lack of finality, as discussed in detail below.  In re Barsky, 85 B.R. 550, 554 (C.D.

18  Cal. 1988).

19    **The length of the delay and its potential impact on judicial proceedings.**

20  The Hsu Brothers seek to file their claims approximately one year and four months after

21  the bar date (January 29, 2010) and three months after entry of an order confirming the

22  Plan, and this is a "a severe lack of diligence." In re Earth Rock, Inc., 153 B.R. 61, 64

23  (Bankr. D. Idaho 1993) ("[T]here was a delay of almost eight months between the bar

24  date and the filing of Creditor's motion in this case. Such a lengthy delay suggests a

25  severe lack of diligence on the part of both Creditor and its counsel in getting this issue

1  before the Court."); <u>Clark v. America's Favorite Chicken Co., 190 B.R. 260, 267</u> (E.D.

2  La. 1995) ("Indeed, this is exactly the situation alluded to by the Fifth Circuit in

3  Greyhound, which contrasted the fact situation there with "a situation where the debtor's

4  plan was formulated, negotiated, and confirmed before notice was given of a substantial

5  late claim." <u>Id</u>."). Here, as in <u>Clark</u>, "[a]lthough there will be no impact on the

6  administration of the bankruptcy case because of the delay, this is because the debtor's

7  confirmation plan has been confirmed and plaintiffs' complaint comes after that fact."

8  <u>Clark</u>, <u>190 B.R. at 268</u>. In addition, although unsecured creditors are expected not to

9  receive a payment on their claims, if there is any recovery from East West Bank on the

10 pending adversary proceeding, then claims of unsecured creditors (which are listed in

11 Exhibit "4" to the Plan in the total amount of $225,000) will be significantly diluted by the

12 Hsu Claims, which total $383,200 (if the Hsu Claims are not disallowed on other

13 grounds).

14      **The reason for the delay, including whether it was within the reasonable**

15 **control of the movant.** Here, the Hsu Brothers' counsel advised the Debtor to contact

16 counsel regarding the Hsu Claims, and the Debtor scheduled the Hsu Claims and

17 served the Hsu Brothers' counsel with notices regarding the bankruptcy and the bar

18 date (among others) under the account identifier provided by their counsel. The failure

19 of the Hsu Brothers to comply with the Bar Date Notice is not a result of excusable

20 neglect.

21      The Hsu Brothers counsel, who was handling their claims against the Debtor,

22 received notice of the case and the Bar Date Notice, so the Hsu Brothers received

23 these notices. <u>See</u> <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 396-</u>

24 <u>97</u> (U.S. 1993) (Claimants must "be held accountable for the acts and omissions of their

25 chosen counsel."); <u>Eagle Bus Mfg. v. Rogers, 62 F.3d 730, 736</u> (5th Cir. Tex. 1995)

26 (Court concluded that notice of the bar date was properly mailed to the address

27 provided by claimant, which was her brother's home address.); <u>In re Price, 871 F.2d 97,</u>

28 <u>99</u> (9th Cir. Cal. 1989) (Counsel to claimant "was pursuing the same claim in state court

1  that the appellant now seeks to have declared nondischargeable. We hold that under

2  these circumstances notice to counsel constituted notice to the appellant. *See*

3  Maldonado v. Ramirez, 37 B.R. 219, 221 (D.V.I. 1984) (notice to a creditor's attorney of

4  a bankruptcy filing is usually sufficient if the attorney received knowledge of it while

5  representing his client in enforcing a claim against the bankrupt) (citing 3 Collier on

6  Bankruptcy ¶ 523.15(5)(c) (15th ed. 1983)), rev'd on other grounds, 757 F.2d 48, 51 (3d

7  Cir. 1985) (agreeing with premise, but finding the evidence insufficient to indicate that

8  counsel was enforcing the claim for the client when notice was received); Maldonado v.

9  Ramirez, 757 F.2d 48, 51 (3d Cir. V.I. 1985) ("[I]t is ordinarily considered sufficient "if

10  the attorney received knowledge of the case while representing the creditor in enforcing

11  his claim against the debtor." 3 L. King, Collier on Bankruptcy § 523.13 (15th ed.

12  1984)."); In re Fulton, 3 B.R. 600, 603 (Bankr. E.D. Mich. 1980) ("[T]he institution of a

13  bankruptcy proceeding materially affects the rights of a creditor who has an action to

14  recover property pending against the bankrupt. For this reason, it has generally been

15  held that an attorney who represents a client in an action affected by a bankruptcy

16  proceeding, is impliedly authorized to represent that client in the bankruptcy proceeding

17  and, therefore, notice to the attorney of matters relating to the bankruptcy proceeding

18  constitutes notice to the client even though the attorney was not expressly retained to

19  represent the client in such proceeding.").

20      The Hsu Brothers also cite In re South Atlantaic Fin. Corp., 767 F.2d 814 (11th

21  Cir. 1985), but that case also supports the Debtor.  In South Atlantic, the court

22  disallowed a late-filed proof of claim in a debtor's Chapter 11 case because the

23  creditor's counsel received notice of the bar date, and the creditor's failure to file a proof

24  of claim "was the result of its counsel's failure accurately to determine whether a proof

25  of claim had already been filed, a fact she could easily have verified by an examination

26  of the bankruptcy court records."  In re South Atl. Fin. Corp., 767 F.2d 814, 818 (11th

27  Cir. Fla. 1985).

28  / / /

1    **Whether the movant acted in good faith.** The Debtor is not aware of any

2    evidence that the Hsu Brothers did not act in good faith, except that it is notable that

3    they do not acknowledge that Ethan and Associates received notices regarding this

4    case or address the impact of those notices on the issue of "excusable neglect."

5    Based on the foregoing, the delay by the Hsu Brothers was not reasonable, and

6    late filing of their claims is not a result of "excusable neglect." In re Fulton, 3 B.R. 600,

7    605 (Bankr. E.D. Mich. 1980) ("There obviously was neglect, but it was not excusable.").

8

9    A.    The Hsu Claims Are Barred by the Doctrine of Laches.

10   Even if a claimant does not receive constructive or actual notice of the bar date, the

11   claimant is barred from filing a claim by the doctrine of laches if the claimant fails to act

12   in a timely manner after learning of the case.  In re Barsky, 85 B.R. 550, 554 (C.D. Cal.

13   1988) (A court may limit "the creditor's right to file a claim pursuant to the independent

14   doctrine of laches.").  "To establish laches, the party asserting the defense must show

15   (1) an unreasonable lack of diligence, and (2) prejudice resulting from that lack of

16   diligence."  In re Barsky, 85 B.R. 550, 554 (C.D. Cal. 1988); In re Gregory, 705 F.2d

17   1118, 1123 (9th Cir. 1983).

18

19   Here, the Hsu Brothers took approximately five (5) months to file the Motion and

20   the Complaint after they allege that they received actual notice of this case, and their

21   attorney had sent its October 15, 2009 letter seeking to collect on the Hsu Claims and

22   advising the Debtor to send notices to the Hsu Brothers' counsel more than a year

23   before.  A review of the docket in January 2011 would have shown that the bar date had

24   passed a year before, the Debtor had filed a number of plans and disclosure

25   statements, the third amended disclosure statement was approved, and the plan was to

26   be confirmed at a hearing in early February 2011.  This is an unreasonable lack of

27   diligence.  In re Barsky, 85 B.R. 550, 555 (C.D. Cal. 1988) (Creditor "knew that her

28

1  claim fell within a class of creditors with the least likelihood of collecting, and instead of

2  moving immediately to bring a claim and object to the Plan, she decided to wait it out . .

3  . . Under the circumstances, the bankruptcy judge did not abuse his discretion in finding

4  that appellant slept on her rights and behaved in a dilatory manner.") In addition to that

5  described above, the prejudice to Debtor resulting from the Hsu Brothers' lack of

6  diligence is the same as in Barsky:

7

8         The bankruptcy laws provide a debtor to undergo a fresh start after living

9         through the necessarily lengthy Chapter 13 proceedings. As recognized

10        by the court in Pagan, the debtor, trustee, creditors, and even the

11        bankruptcy court are entitled to some measure of finality. Allowing a

12        dilatory creditor to wait out the proceedings before asserting her rights

13        would significantly prejudice all involved by robbing them of the significant

14

15        benefit of finality.

16  Barsky, 85 B.R. at 554-55.  Therefore, the Hsu Claims are barred by laches.

17                              III.

18                          CONCLUSION

19        For the reasons set forth above, the Debtor respectfully requests that the Court

20  deny the Hsu Brothers' Motion for Leave to file a Late Proof of Claim in this case and

21  grant the Debtor relief that is just and appropriate.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

1   The Motion fails to document that the Hsu Brothers were not properly on notice of the

2   filing of this chapter 11 case, the establishment of the bar date, and the confirmation of

3   the Plan in this case months before their Motion was filed.  Having failed to protect their

4   own interests the Hsu Brothers cannot seek and obtain relief from this Court.

5

6   DATED:  June 22, 2011              HINDS & SHANKMAN, LLP.

7

8                                    By:___/s/ James A Hinds, Jr.
                                     James A. Hinds, Jr., Esq.
9                                    Counsel for Abdul Halim Sheikh, Debtor and Debtor-
                                     in-Possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ABDUL HALIM SHEIKH

I, Abdul Halim Sheikh, declare and state as follows:

I am now and have been the Debtor in this case. I make this declaration in Support of the Debtor's Opposition To Motion Leave to File a Late Proof of Claim in this case. I have reviewed the Motion for Leave to File a Late Proof of Claim and know the contents thereof. The matters set forth hereinbelow are made of my own personal knowledge or have been obtained from my personal and business books, which books and records are maintained in the ordinary course of the my business affairs, from data collected by me and maintained under the supervision of me and my staff. For purposes of confirmation of the Debtor's Plan I have been designed as the custodian of records of the Debtor. If called to testify in this action as to the matters set forth in this Declaration. I could and would testify competently thereto.

1.      The matters set forth herein below are made of my own personal knowledge or have been obtained from my personal and business books, which books and records are maintained in the ordinary course of my business affairs, from data collected by me and maintained under the supervision of me and my staff. If called to testify in this action as to the matters set forth in this Declaration, I could and would testify competently thereto.

2.      I have reviewed the Motion For Order Permitting Creditors To File Late Proofs Of Claims Against The Debtor (hereinafter referred to as the "Motion") filed by Tony Hsu and Geoff Hsu (hereinafter referred to as the "Hsu Brothers" or "Creditors") and the declarations submitted therewith.

3.      My chapter 11 filing was ultimately necessitated by the actions of my senior lender to have a receiver appointed as part of its pending state court action against me and the substantially completed commercial development located at 4253-4263 Oceanside Boulevard, Oceanside, California and commonly known as Oceanside Marketplace and Business Center (hereinafter referred to as the "Oceanside Project"). Additional background information on this case is in the "Fourth Amended Statement

1   And Plan Of Reorganization For Abdul Halim Sheikh" (Docket No. 232) (hereinafter

2   referred to as the "Plan"), which was filed on December 22, 2010 and was confirmed by

3   entry of this Court's "Order Approving Motion to Confirm Plan of Reorganization and

4   Confirming Amended Plan of Reorganization Pursuant to Chapter 11 of the United

5   States Bankruptcy Code" (Docket No. 278-1).

6        4.     The Plan discussed my work for my food supply and distribution company,

7   the business of which is at issue in the Motion, and the Plan explained that the sources

8   of money earmarked to pay creditors and interest-holders include all or such portion of

9   earnings from personal services performed by me after the commencement of this case

10   or other future income of the Debtor as is necessary for performance under the Plan.

11        5.     The Hsu Brothers' claims that they assert in the Motion (hereinafter

12   referred to as the "Hsu Claims") relate to that certain Partnership Agreement, which is

13   attached to the Motion as Exhibit "C" (hereinafter referred to as the "Agreement").

14        6.     The Hsu Brothers and their father, James Hsu, had expressed interest in

15   entering a partnership agreement with me on basically the terms and conditions of the

16   Agreement. They sent me a contract which had James, Tony and Geoff Hsu as

17   partners, but later, the Hsu Brothers decided to enter the Agreement without their father

18   as a partner. Under the Agreement, the Hsu Brothers were to pay $150,000 at the

19   beginning of the Agreement and $100,000 after six months if they wanted to buy the

20   business outright. *See* Section 13 of the Agreement. James Hsu (the Hsu's father)

21   paid $75,000 and Tony Hsu paid $75,000 of the initial $150,000.

22        7.     I deny the characterization by the Hsu Brothers of my operation of the

23   Food USA business as being fraudulent or otherwise unethical.

24        8.     The time that the Hsu Brothers decided not to buy the business (i.e. May

25   30, 2009) was approximately 4 months prior to the Petition Date. At that time, I believed

26   that the Hsu Brothers were obliged to pay me the $100,000 required to exercise their

27   option to purchase the business under the Agreement. Around this time, I was told by

28   people that work in a meat market that the Hsu Brothers were operating a business

1   similar to the business of Food USA under the name of their father's company, J.H.

2   World Express, Inc., so I got the impression that they decided to take what they learned

3   from Food USA and run the business under their father's company rather than pay me

4   the $100,000 needed to exercise their option to purchase the business.

5         9.     When Tony Hsu advised me that they would not pay him that $100,000 to

6   buy the business, Tony told me they would not pay because they did not have the

7   funds.  I discussed with the Hsu Brothers selling the business and that $100,000 being

8   paid to me out of the proceeds, but the business was never sold.

9         10.    Ethan & Associates sent me a letter dated October 15, 2009 advising me

10  to contact Ethan & Associates' office regarding the Hsu Brothers' claims against the

11  Debtor; a true and correct copy of this letter is attached as Exhibit "A."  In this letter, the

12  subject line refers to J.H. World Express, Inc., which I knew was a company owned by

13  the Hsu Brothers' father, James Hsu.  After receiving this letter, I called Brian Laiche

14  with Ethan & Associates to ask what it was about.  I believe I spoke to Mr. Laiche, but in

15  any event I spoke with a representative of Ethan & Associates, who asked me if I knew

16  Tony Hsu.  I said that I did, and this representative told me that Ethan & Associates was

17  pursuing Tony's claim against me.  I understood this to mean that the Hsu Brothers had

18  hired their father's law firm to try to collect money from me.

19  11.    Because of the letter from Ethan & Associates, the statements made to me by a

20  representative of Ethan & Associates, and the lack of contact with me by the Hsu

21  Brothers since approximately June 10, 2009, I believed that Ethan & Associates was the

22  authorized representative of the Hsu Brothers for their claims against me related to the

23  Agreement.  Accordingly, I scheduled the Hsu Claims as disputed, contingent and

24  unliquidated under the account identifier J.H. World Express, Inc., which was used by

25  the Hsu Brothers' counsel in its letter; a true and correct copy of the page of Schedule F

26  on which the Hsu Brothers Claim was scheduled is attached hereto as Exhibit "B."

27  The Hsu Claims were also listed in the mailing matrix (as disputed, contingent,

28  unliquidated and subject to setoff) under the account identifier J.H. World Express, Inc.

JUN-28-11 03:05 #544

1 A true and correct copy of the relevant pages of the mailing matrix are attached hereto

2 as Exhibit "C."

3     12.   A true and correct copy of the Notice of Chapter 11 Bankruptcy Case,

4 Meeting of Creditors, & Deadlines (Docket No. 9) and the relevant pages of the proof of

5 service are attached hereto as Exhibit "D."

6     13.   A true and correct copy of the Notice of Bar Date for Filing Proofs of

7 Claims and Interests (Docket No. 29) (hereinafter referred to as the "Bar Date Notice"),

8 including its proof of service, is attached as Exhibit "E."

9     I declare under penalty of perjury and the laws of the United States of America

10 that the foregoing is true and correct.

11

12     Executed this 22nd day of June 2011, at Torrance, California.

13

14

15     ABDUL HALIM SHEIKH

# Exhibit "A"

# Exhibit "A"

# ETHAN & ASSOCIATES

15 OCT 2009

Food USA LLC
Abdul Halim Sheikh
31244 Palos Verdes W
Suite 239
Ranchos Palos Verdes, CA 90275

Re:  J.H. World Express, Inc
Amount Owed:  $40,559.00
Our File Number:  454536

Dear Abdul Halim Sheikh ,

Our office recently contacted you regarding an audit for the above referenced account. To
date, we have not received a response from you.  This matter will now be forwarded to
our collections department.

Please contact my office regarding the indebtedness to our client so that arrangements
can be made to resolve this matter.

Payments should be made payable to our client and forwarded to this office.

Refusal to honor this debt at once may result in further action being taken to protect the
interests of our client.

Respectfully,

Brian Laiche
**Please remit payment to:**    Ethan & Associates
                                800 N. Causeway Blvd
                                3rd Floor
                                Mandeville, LA  70448

**Your credit rating is important.  Be advised that if this debt is not satisfied in the time
allotted, this will be reported to all Credit Bureaus.**

D1

Corporate Office • 800 N. Causeway Blvd • 3rd Floor • Mandeville, Louisiana 70448
Local: 985-875-2294 • TOLL FREE 888-830-3170 • Fax: 985-875-2034

# Exhibit "B"

# Exhibit "B"

B6F (Official Form 6F) (12/07) - Cont.

In re    **Abdul Halim Sheikh**                                    Case No. _____

_____
                         Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxx-xxxx-xxxx-9290<br><br>Chase<br>P.O. Box 94014<br>Palatine, IL 60094 | C | | | 2008-2009<br>Unpaid Debt | | | | 2,490.00 |
| Account No. xxxx-xxxx-xxxx-6108<br><br>Chevron<br>P.O. Box 530950<br>Atlanta, GA 30353 | C | | | 2008-2009<br>Unpaid Debt | | | | 213.00 |
| Account No. xxxx-xxxx-xxxx-1251<br><br>Discover Card<br>P.O. Box 6103<br>Carol Stream, IL 60197 | C | | | 2008-2009<br>Unpaid Debt | | | | 7,851.00 |
| Account No. xxxx-xxxx-xxxx-7293<br><br>HSBC<br>P.O. Box 60136<br>City of Industry, CA 91716 | C | | | 2008-2009<br>Unpaid Debt | | | | 5,800.00 |
| Account No. xx4536<br><br>J.H. World Express, Inc.<br>c/o Ethan & Associates<br>800 N.Causeway, 3rd Floor<br>Mandeville, LA 70448 | C | | | 10/15/09<br>Unpaid Debt<br>    Subject to setoff. | X | X | X | 40,559.00 |

Sheet no. __1__ of __3__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    56,913.00

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

# Exhibit "C"

# Exhibit "C"

Verification of Creditor Mailing List - (Rev. 10/05)                                                    2005 USBC, Central District of California

## MASTER MAILING LIST
### Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name    **Paul R. Shankman**

Address    **21515 Hawthorne Boulevard Suite 1150 Torrance, CA 90503**

Telephone    **(310) 316-0500 Fax: (310) 792-5977**

■ Attorney for Debtor(s)
☐ Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names used by Debtor(s) within last 8 years:<br>**Abdul Halim Sheikh**<br>**AKA A.H. Sheikh; AKA Abdul H. Sheikh; AKA A. Halim Sheikh; AKA Halim A. Sheikh; AKA Abdul Sheikh; AKA Halim Sheikh** | Case No.: |
| | Chapter:    11 |
| | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __5__ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:    October 27, 2009                     /s/ Abdul Halim Sheikh
                                              **Abdul Halim Sheikh**
                                              Signature of Debtor

Date:    October 27, 2009                     /s/ Paul R. Shankman
                                              Signature of Attorney
                                              **Paul R. Shankman**
                                              **Law Offices of James Andrew Hinds, Jr.**
                                              **21515 Hawthorne Boulevard**
                                              **Suite 1150**
                                              **Torrance, CA 90503**
                                              **(310) 316-0500   Fax: (310) 792-5977**

J.H. World Express, Inc.
c/o Ethan & Associates
800 N.Causeway, 3rd Floor
Mandeville LA 70448


Jaynes Corporation of California
C/O Marks, Golia & Finch, LLP
8620 Spectrum Center Blvd #900
San Diego CA 92123


Juniper
P.O. Box 13337
Philadelphia PA 19101


Kenneth H. Stone, Esq.
The Fletcher Building
624 Broadway
San Diego CA 92101


Kohl's
P.O. Box 30510
Los Angeles CA 90030


Overson Corporation
P.O. Box 1055
Lakeside CA 92040


P. Randolph Finch Jr.
8620 Spectrun Center Blvd
Suite 900
San Diego CA 92123


PentaGroup Financial LLC
P.O. Box 742209
Houston TX 77274

Exhibit "D"

Exhibit "D"

B9E (Official Form 9E) (Chapter 11 Individual or Joint Debtor Asset Case) (12/07)

| UNITED STATES BANKRUPTCY COURT | Central District Of California |
|---|---|

## Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines

A Chapter 11 bankruptcy case concerning the debtor(s) listed below was filed on October 27, 2009.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at **U. S. Bankruptcy Court, 255 E. Temple Street, Room 940, Los Angeles, CA 90012.**

NOTE:    The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations

| Debtor(s) (name(s)and address):<br>Abdul Halim Sheikh<br>2733 Via Miguel<br>Palos Verdes Estates, CA 90274 | Case Number:<br><br>2:09−bk−39652−AA |
|---|---|
| All other names used by the Debtor(s) in the last 8 years (include married, maiden, and trade names):<br>Debtor: aka Abdul H Sheikh, aka A H Sheikh, aka A Halim Sheikh, aka Halim Sheikh, aka Abdul Sheikh<br><br>Joint Debtor: | Last four digits of Social Security or Individual Taxpayer−ID (ITIN) No(s)./Complete EIN:<br>Dbt SSN: xxx−xx−0281 |
| Attorney for Debtor(s) (name and address):<br>Paul R Shankman<br>21515 Hawthorne Blvd Ste 1150<br>Torrance, CA 90503<br>Telephone number:  310−316−0500 | Bankruptcy Trustee (name and address):<br>none |

### Meeting of Creditors:

Date:  **December 9, 2009**                    Time:  **10:00 AM**
Location:  **725 S Figueroa St., Room 2610, Los Angeles, CA 90017**

### Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

#### Deadline to File a Proof of Claim:
Notice of deadline will be sent at a later time.

#### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

#### Deadline to File a Complaint to Determine Dischargeability of Certain Debts: February 8, 2010

#### Deadline to File a Complaint Objecting to Discharge of the Debtor:
*First date set for hearing on confirmation of plan. Notice of that date will be sent at a later time.*

#### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your right in this case.

| Address of the Bankruptcy Clerk's Office:<br>U. S. Bankruptcy Court<br>255 East Temple Street,<br>Los Angeles, CA 90012<br>Telephone number:  213−894−3118 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Jon D. Ceretto |
|---|---|
| Hours Open:  9:00 AM − 4:00 PM | Date:  November 3, 2009 |
| (Form rev. 12/07:341−B9E) | 7/LLI |

Case 1:11-bk-15442-AA    Doc 9    Filed 11/05/09    Entered 11/05/09 22:23:12    Desc
Imaged Certificate of Service    Page 5 of 6

# CERTIFICATE OF NOTICE

District/off: 0973-2        User: LynnlC           Page 1 of 2              Date Rcvd: Nov 03, 2009
Case: 09-39652             Form ID: b9e            Total Noticed: 41

The following entities were noticed by first class mail on Nov 05, 2009.
```
db        +Abdul Halim Sheikh,   2733 Via Miguel,    Palos Verdes Estates, CA 90274-4480
aty       +Dare Law,   725 S Figueroa St 26th Fl,   Los Angeles, CA 90017-5524
aty       +Paul R Shankman,   21515 Hawthorne Blvd Ste 1150,   Torrance, CA 90503-6516
smg        Employment Development Dept.,   Bankruptcy Group MIC 92E,   P.O. Box 826880,
            Sacramento, CA  94280-0001
smg       +L.A. County Tax Collector,   Bankruptcy Unit,   2615 S. Grand,   Los Angeles, CA 90007-2608
smg        Los Angeles City Clerk,   P.O. Box 53200,   Los Angeles, CA  90053-0200
smg       +Securities & Exchange Commission,   5670 Wilshire Avenue., 11th Floor,
            Los Angeles, CA 90036-5627
ust       +United States Trustee (LA),   725 S Figueroa St., 26th Floor,   Los Angeles, CA 90017-5524
24922366  +A&M Reinforcing Specialists, Inc.,   14270 Olde Hwy 80,   El Cajon CA 92021-2825
24922367  +Allison N. Cooper,   8620 Spectrum Center Blvd,   Suite 900,   San Diego CA 92123-1489
24922369  +Apptek Commercial, Inc.,   10685 Roselle Street,   #200,   San Diego CA 92121-1506
24922370  +Capital One,   P.O. Box 60599,   City Of Industry CA 91716-0599
24922373  +Chase WAMU,   P.O. Box 8148,   Phoenix AZ 85066-8148
24922374  +Chevron,   P.O. Box 530950,   Atlanta GA 30353-0950
24922376  +East West Bank/OakTree Equities Inc,   OakTree Investment Fund LLC,   16530 Ventura Blvd # 601,
            Encino CA 91436-4553
24922377  +Ethan & Associates,   800 N. Causeway Blvd,   3rd Floor,   Mandeville LA 70448-4664
24922379  +Imperial Sprinkler Supply, Inc.,   1485 N. Manassero Street,   Anaheim CA 92807-1938
24922380  +J.H. World Express, Inc.,   c/o Ethan & Associates,   800 N.Causeway, 3rd Floor,
            Mandeville LA 70448-4664
24922381  +Jaynes Corporation of California,   C/O Marks, Golia & Finch, LLP,
            8620 Spectrum Center Blvd #900,   San Diego CA 92123-1489
24922383  +Kenneth H. Stone, Esq.,   The Fletcher Building,   624 Broadway,   San Diego CA 92101-5407
24922385  +Overson Corporation,   P.O. Box 1055,   Lakeside CA 92040-0903
24922386  +P. Randolph Finch Jr.,   8620 Spectrum Center Blvd,   Suite 900,   San Diego CA 92123-1489
24922387  +PentaGroup Financial LLC,   P.O. Box 742209,   Houston TX 77274-2209
24922388  +Peter F. Lindberg,   Lindberg & Drill, LLP,   550 N. Brand Blvd Suite 1830,
            Glendale CA 91203-1909
24922389  +Robertson's,   P.O. Box 3600,   Corona CA 92878-3600
24922391  +Soil Pacific, Inc.,   675 N. Echhoff Street,   Suite A,   Orange CA 92868-1000
24922392  +Superior Electrical Advertising,Inc,   C/O Lindberg & Drill LLP,
            550 North Brand Blvd, Suite 1830,   Glendale CA 91203-1909
24922393  +Thunder-Jones Contracting Group,Inc,   2515 Pioneer Avenue,   Suite 1,   Vista CA 92081-8418
24922394  +Valero,   P.O. Box 631,   Amarillo TX 79105-0631
24922395  +Wells Fargo,   P.O. box 54349,   Los Angeles CA 90054-0349
24922396  +Western Financial,   P.O. Box 91420,   City Of Industry CA 91715-1420
```

The following entities were noticed by electronic transmission on Nov 04, 2009.
```
smg        EDI: CALTAX.COM Nov 03 2009 21:23:00      Franchise Tax Board,   ATTN: Bankruptcy,   P.O. Box 2952,
            Sacramento, CA  95812-2952
smg        EDI: IRS.COM Nov 03 2009 21:18:00      Internal Revenue Service,   P O Box 21126,
            Philadelphia, PA  19114-0325
24922368  +EDI: AMEREXPR.COM Nov 03 2009 21:18:00      American Express,   P.O. Box 0001,
            Los Angeles CA 90096-8000
24922371  +EDI: CHASE.COM Nov 03 2009 21:18:00      Chase,   P.O. Box 94014,   Palatine IL 60094-4014
24922372  +EDI: CHASE.COM Nov 03 2009 21:18:00      Chase WAMU,   P.O. Box 78148,   Phoenix AZ 85062-8148
24922375  +EDI: DISCOVER.COM Nov 03 2009 21:18:00      Discover Card,   P.O. Box 6103,
            Carol Stream IL 60197-6103
24922378  +EDI: HFC.COM Nov 03 2009 21:18:00      HSBC,   P.O. Box 60136,   City Of Industry CA 91716-0136
24922382  +EDI: TSYS2.COM Nov 03 2009 21:19:00      Juniper,   P.O. Box 13337,   Philadelphia PA 19101-3337
24922384  +EDI: CBSKOHLS.COM Nov 03 2009 21:19:00      Kohl's,   P.O. Box 30510,   Los Angeles CA 90030-0510
24922390  +EDI: RMSC.COM Nov 03 2009 21:19:00      Sam's Club,   P.O. Box 530942,   Atlanta GA 30353-0942
24922395  +EDI: WFFC.COM Nov 03 2009 21:19:00      Wells Fargo,   P.O. box 54349,   Los Angeles CA 90054-0349
                                                                                      TOTAL: 11
```

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

# Exhibit "E"

# Exhibit "E"

JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
HANNA B. RAANAN (SBN 261014)
hraanan@jhindslaw.com
LAW OFFICE OF JAMES ANDREW HINDS, JR.
21515 Hawthorne Blvd.
Suite 1150
Torrance, CA 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for Abdul Halim Sheikh, Chapter 11
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | CASE NO.  2:09-bk-39652-AA |
| | (Chapter 11) |
| ABDUL HALIM SHEIKH, | **NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIMS AND INTERESTS** |
| Debtor and Debtor-in-Possession. | DATE:          [No Hearing Requested]<br>TIME:<br>PLACE:          Courtroom 1375<br>255 E. Temple Street<br>Los Angeles, CA 90012 |
| | **BAR DATE: JANUARY 29, 2010** |

**TO ALL CREDITORS AND PARTIES-IN-INTEREST:**

<u>NOTICE OF CLAIMS BAR DEADLINE</u>

The Bankruptcy Court has set a deadline of **JANUARY 29, 2010** for creditors of or

parties with interest in the Estate of Abdul Halim Sheikh, the Debtor and Debtor-In-

Possession (hereinafter referred to as the "Debtor") in this pending chapter 11 case to file

proofs of claim against or proofs of interest in the Debtor's Estate.

1.

1    The exceptions to this deadline for filing proofs of claims or interest are: (1) claims

2    arising from rejection of executory contracts of unexpired leases, (2) claims of

3    governmental units, and (3) claims arising as the result of transfer avoidance pursuant to

4    chapter 5 of the Bankruptcy Code.

5

6    For claims arising from rejection of executory contracts or unexpired leases

7    pursuant to 11 U.S.C. § 365, the last day to file a proof of claim is (a) 30 days after the

8    date of entry of the order authorizing the rejection, or (b) January 29, 2009, whichever is

9    later.

10

11    For claims of "governmental units," as the term is defined in 11 U.S.C. § 101(27),

12    proofs of claim are timely filed (a) before 180 days after the date of the Order for Relief in

13    this case, or (b) by January 29, 2009, whichever is later.  11 U.S.C. § 502(b)(9).

14

15    For claims arising from avoidance of a transfer under chapter 5 of the Bankruptcy

16    Code, the last day to file a proof of claim is 30 days after the entry of judgment avoiding

17    the transfer, or (b) January 29, 2009, whichever is later.

18

19    If you are listed in the Schedules of Assets and Liabilities of the Debtor and your

20    claim or interest is not scheduled as "disputed," "contingent," "unliquidated," or

21    "unknown," your claim or interest is deemed filed in the amount set forth in the

22    Schedules, and the filing of a proof of claim or interest is unnecessary if you agree that

23    the amount scheduled (secured, unsecured, preferred stock, common stock, etc.) is

24    correct.  11 U.S.C. § 1111(a).

25

26    If your claim is **NOT** listed on the Schedules or is scheduled as "disputed,"

27    "contingent," "unliquidated," or "unknown," or if you disagree with the amount or

28    / / /

2 .

NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIMS AND INTERESTS

1    description scheduled for your claim or interest, you **MUST FILE A PROOF OF CLAIM**

2    **OR INTEREST**.

3

4    Failure of a creditor or interest holder to file timely a proof of claim or interest on or

5    before the deadline may result in disallowance of the claim or interest or subordination

6    under the terms of a plan or reorganization without further notice of hearing. 11 U.S.C.

7    §502(b)(9). Creditors and interest holders may wish to consult an attorney to protect their

8    rights.

9

10    Any proof of claim or interest previously filed with the Clerk of the Bankruptcy

11    Court prior to the mailing of this Notice shall be deemed to be and shall be treated as

12    properly filed proof of claim or interest, subject to the right of the Debtor and/or any party-

13    in-interest to object to the allowance thereof.

14

15    Copies of the proof of claim form have previously been sent to you by the Court on

16    the back of the Notice of Commencement of Case Under Chapter 11 of the Bankruptcy

17    Court. However, proof of interest forms and additional copies of proof of claim forms

18    may be obtained from the Office of the Clerk of the Bankruptcy Court for the Central

19    District of California.

20

21    Proofs of claim or interest must be timely filed by **JANUARY 29, 2009** with:

22        The Clerk of the Bankruptcy Court for the Central District of California

23        Roybal Federal Building

24        255 East Temple Street, Rm. # 940

25        Los Angeles, CA 90012

26    Additionally, you must serve a copy of the proof of claim or interest on Debtor's counsel

27    at the following address:

28    / / /

3 .

---

NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIMS AND INTERESTS

1    James Andrew Hinds, Jr., Esq.

2    Paul R. Shankman, Esq.

3    Hanna B. Raanan, Esq.

4    Law Offices of James Andrew Hinds, Jr.

5    21515 Hawthorne Blvd., Ste. 1150

6    Torrance, CA 90503

7

8      Any person or entity desiring to verify the accuracy of its scheduled claim or

9 interest, if any, may consult the files of the Clerk of the Bankruptcy Court. Should you be

10 uncertain as to whether it is necessary for you to file a proof of claim or interest, please

11 consult your own attorney.

12

13 DATED: December 17, 2009      JAMES ANDREW HINDS, JR.
                                   PAUL R. SHANKMAN

14                                    HANNA B. RAANAN
                                   THE LAW OFFICES OF JAMES ANDREW HINDS, JR.

15

16                            By:    /s/ Paul R. Shankman
                                   PAUL R. SHANKMAN

17                            Attorneys for Abdul Halim Sheikh, Debtor and Debtor-
in-Possession

18

19

20

21

22

23

24

25

26

27

28

<div align="center">4.</div>

| In re:<br>ABDUL HALIM SHEIKH,<br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER 2:09-bk-39652 AA |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: LAW OFFICES OF JAMES ANDREW HINDS, JR., 21515 Hawthorne Blvd., Suite 1150, Torrance, California 90503

The foregoing document described <u>NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIMS AND INTERESTS</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>December 17, 2009,</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- J Scott Bovitz    bovitz@bovitz-spitzer.com
- James Andrew Hinds    jhinds@jhindslaw.com
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- Dare Law    dare.law@usdoj.gov
- Hanna B Raanan    hbraanan@gmail.com
- Paul R Shankman    pshankman@jhindslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

<div align="right">☐ Service information continued on attached page</div>

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On <u>December 17, 2009,</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

<div align="right">X  Service information continued on attached page</div>

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

<div align="right">☐ Service information continued on attached page</div>

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 17, 2009 | Rodaba S. Farid | /s/ RODABA S. FARID |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re:<br>ABDUL HALIM SHEIKH,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:09-bk-39652 AA |
|---|---|

### Served Via Federal Express:

Law Clerk to Honorable Alan M. Ahart
United States Bankruptcy Court - Central District of California
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

### Served Via U.S. Mail:

Abdul Halim Sheikh
2733 Via Miguel
Palos Verdes Estates, CA 90274-4480

A&M Reinforcing Specialists, Inc.
14270 Olde Hwy 80
El Cajon, CA 92021

Allison N. Cooper
8620 Spectrum Center Blvd
Suite 900
San Diego, CA 92123

American Express
P.O. Box 0001
Los Angeles, CA 90096

Apptek Commercial, Inc.
10685 Roselle Street
#200
San Diego, CA 92121

Athens Services
14048 E. Valley Blvd.
City of Industry, CA 91746

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                              **F 9013-3.1**

| In re:<br>ABDUL HALIM SHEIKH,<br><div align="right">Debtor(s).</div> | CHAPTER  11<br><br>CASE NUMBER 2:09-bk-39652 AA |
|---|---|

AT&T Mobility
P.O. Box 60017
Los Angeles, CA 90060-0017

AT&T
California Payment Center
Sacramento, CA 95887-0001

Capital One
P.O. Box 60599
City Of Industry, CA 91716

California Water Service
2632 West 237th Street
Torrance, CA 90505-5272

City of Oceanside
300 North Coast Highway
Oceanside, CA 92054

Cox
P.O. Box 79171
Phoenix, AZ 85062-9171

Dennis M. Murphy, CPA
630 N. Rosemead Blvd., Suite 100
Pasadena, CA 91107

Chase
P.O. Box 94014
Palatine, IL 60094

Chase  WAMU
P.O. Box 78148
Phoenix, AZ 85062

Chase  WAMU
P.O. Box 8148
Phoenix, AZ 85062

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

| In re:<br>ABDUL HALIM SHEIKH,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:09-bk-39652 AA |
| --- | --- |

Chevron
P.O. Box 530950
Atlanta, GA 30353

Discover Card
P.O. Box 6103
Carol Stream, IL 60197

East West Bank/OakTree Equities Inc
OakTree Investment Fund LLC
16530 Ventura Blvd # 601
Encino, CA 91436

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280

Ethan & Associates
800 N. Causeway Blvd
3rd Floor
Mandeville, LA 70448

Franchise Tax Board
Attn: Bankruptcy
P.O. Box 2952
Sacramento, CA 95812-2952

HSBC
P.O. Box 60136
City of Industry, CA 91716

Imperial Sprinkler Supply, Inc.
1485 N. Manassero Street
Anaheim, CA 92807

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    F 9013-3.1

Case 1:11-bk-15442-AA    Doc 29    Filed 12/17/09    Entered 12/17/09 10:06:51    Desc
Main Document    Page 9 of 11

| In re:<br>ABDUL HALIM SHEIKH,<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER  2:09-bk-39652 AA |
|---|---|

J.H. World Express, Inc.
c/o Ethan & Associates
800 N.Causeway, 3rd Floor
Mandeville, LA 70448

Jaynes Corporation of California
C/O Marks, Golia & Finch, LLP
8620 Spectrum Center Blvd #900
San Diego, CA 92123

Juniper
P.O. Box 13337
Philadelphia, PA 19101

OakTree Investment Fund LLC
Kenneth H. Stone, Esq.
The Fletcher Building
624 Broadway
San Diego, CA 92101

OakTree Investment Fund LLC
c/o J. Scott Bovitz, Esq.
Bovitz & Spitzer
880 West First Street
Suite 502
Los Angeles, California 90012-2430

Kohl's
P.O. Box 30510
Los Angeles, CA 90030

L.A. County Tax Collector
Bankruptcy Unit
2615 S. Grand
Los Angeles, CA 90007-2608

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9013-3.1**

| In re:<br>ABDUL HALIM SHEIKH,<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER  2:09-bk-39652 AA |
| --- | --- |

Overson Corporation
P.O. Box 1055
Lakeside, CA 92040

P. Randolph Finch Jr.
8620 Spectrum Center Blvd, Suite 900
San Diego, CA 92123

PentaGroup Financial LLC
P.O. Box 742209
Houston, TX 77274

Peter F. Lindberg
Lindberg & Drill, LLP
550 N. Brand Blvd Suite 1830
Glendale, CA 91203

Robertson's
P.O. Box 3600
Corona, CA 92878

Sam's Club
P.O. Box 530942
Atlanta, GA 30353

San Diego Gas & Electric
P.O. Box 2511
Santa Ana, CA 92799-5111

Southern California Gas Company
P.O. Box C
Monterey Park, CA 91756

Southern California Edison
P.O. Box 600
Rosemead, CA 91771-0001

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
**F 9013-3.1**

| In re:<br>ABDUL HALIM SHEIKH,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:09-bk-39652 AA |
|---|---|

Securities and Exchange Commission
5670 Wilshire Avenue, 11th Floor
Los Angeles, CA 90036-5627

Soil Pacific, Inc.
675 N. Echhoff Street
Suite A
Orange, CA 92868

Superior Electrical Advertising,Inc
C/O Lindberg & Drill LLP
550 North Brand Blvd, Suite 1830
Glendale, CA 91203

Thunder-Jones Contracting Group,Inc
2515 Pioneer Avenue
Suite 1
Vista, CA 92081

Tri-Signal Integration, Inc.
12701 Encinitas Ave.
Sylmar, CA 91342

Valero
P.O. Box 631
Amarillo, TX 79105

Wells Fargo
P.O. Box 54349
Los Angeles, CA 90054

Western Financial
P.O. Box 91420
City Of Industry, CA 91715

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                        **F 9013-3.1**

| | |
|---|---|
| In re:<br>ABDUL HALIM SHEIKH, | CHAPTER  11 |
| Debtor(s). | CASE NUMBER  1:11-bk15442-AA |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: LAW OFFICES OF JAMES ANDREW HINDS, JR., 21515 Hawthorne Blvd., Suite 1150, Torrance, California 90503

The foregoing document described as: **DEBTOR'S OPPOSITION TO MOTION FOR ORDER PERMITTING CREDITORS TO FILE LATE PROOFS OF CLAIMS AGAINST THE DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ABDUL HALIM SHIEKH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 22, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Paul S Arrow     parrow@buchalter.com, ifs_filing@buchalter.com
Austin K Barron     abarron@buchalter.com, IFS_filing@buchalter.com;tcarson@buchalter.com
J Scott Bovitz     bovitz@bovitz-spitzer.com
Allison N Cooper     acooper@mgfllp.com, amonian@mgfllp.com
Dina Farhat     farhatdina@yahoo.com
Michael R Gibson     ketterin@higgslaw.com
Brian T Harvey     bharvey@buchalter.com, IFS_filing@buchalter.com
James Andrew Hinds     jhinds@jhindslaw.com
Lance N Jurich     ljurich@loeb.com, kpresson@loeb.com
Dare Law     dare.law@usdoj.gov
Abel Ortiz     Abel.ortiz@kts-law.com, Kristyann.brodecki@kts-law.com
Hanna B Raanan     hbraanan@gmail.com
Paul R Shankman     pshankman@jhindslaw.com
Daniel H Slate     dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
Gary E Slater     ges@slatertruxaw.com
Randye B. Soref     rsoref@buchalter.com, IFS_filing@buchalter.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

        ☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On June 22, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

        X  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

        ☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| June 22, 2011 | Rodaba S. Farid | /s/ RODABA S. FARID |
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                 **F 9013-3.1**

| In re:<br>ABDUL HALIM SHEIKH,<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER  1:11-bk15442-AA |

**Served Via Federal Express:**
Law Clerk to Honorable Alan M. Ahart
United States Bankruptcy Court - Central District of California
21041 Burbank Blvd., CTRM # 303
Woodland Hills, CA 91367-6603

**Served Via U.S. Mail:**
Abdul Halim Sheikh
2733 Via Miguel
Palos Verdes Estates, CA 90274-4480

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                             **F 9013-3.1**